IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2041-D

| | |
|---|---|
| EMMANUEL CASTRO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JAMES D. CAVANAUGH, Admin., ) | |
| Duplin Correctional Center, ) | |
| ) | |
| Respondent. ) | |

Emmanuel Castro ("petitioner" or "Castro"), a state inmate, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. James D. Cavanaugh ("respondent") filed a motion to dismiss the complaint as untimely [D.E. 10], and the court notified Castro of his right to respond [D.E. 12]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ( per curiam). As explained below, respondent's motion to dismiss is granted.

I.

On August 28, 2007, in Pitt County Superior Court, Castro pleaded no contest to assault inflicting serious bodily injury and first-degree sexual exploitation of a minor. See Resp.'s Mem., Ex. 1. Castro was sentenced to a term of imprisonment of 64 to 86 months. See id. Ex. 2. Castro did not appeal.

On March 12, 2008,[1] petitioner filed a pro se motion for appropriate relief ("MAR") in Pitt

---

[1] Castro's MAR is dated March 12, 2008, but was filed on March 14, 2008, in Pitt County Superior Court. See Resp.'s Mem., Ex. 3. Giving Castro the benefit of the mailbox rule, and construing the record in the light most favorable to Castro, the court will consider Castro's MAR as filed on March 12, 2008. See Houston v. Lack, 487 U.S. 266, 275–76 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam); see also Resp.'s Mem. 3 n.1 (construing petitioner's MAR as filed on March 12, 2008). Additionally, the court will use the mailbox rule in construing the filing date for Castro's other pleadings.

County Superior Court. Resp.'s Mem., Ex. 3. On April 3, 2008, the court summarily denied Castro's MAR. Id. Ex. 4. On June 18, 2008, Castro filed a pro se certiorari petition in the North Carolina Court of Appeals concerning his MAR. Id. Ex. 5. On July 8, 2008, the North Carolina Court of Appeals denied the certiorari petition. Id. Ex. 7. On July 22, 2008, Castro filed a pro se notice of appeal in the North Carolina Supreme Court, which the court dismissed on February 5, 2009. Id. Exs. 8–9.

On March 18, 2009, Castro filed this habeas petition [D.E. 1]. Castro alleges that his conviction (1) was "obtained by the unconstitutional failure of the state to disclose . . . evidence favorable to the defendant[;]" (2) was "obtained by a plea of no contest which was unlawfully induced or not made voluntarily with the understanding of the nature of the charges and the consequences of the plea[;]" (3) was "obtained by a violation of the priv[i]lege of protection against self-incrimination[;]" and (4) was "obtained in violation of due process." See Pet. ¶ 12 (emphasis removed). On October 14, 2009, respondent moved to dismiss petitioner's complaint as untimely [D.E. 10]. Castro filed a response on October 19, 2009 [D.E. 13], and a supplemental response on October 22, 2009 [D.E. 14].

II.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam).

2

A court need not accept a complaint's legal conclusions, elements of a cause of action, or bare assertions devoid of further factual enhancement. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss filed in a section 2254 proceeding "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true.'" Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (quoting Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009)). Rule 12(b)(6) is also the appropriate vehicle for bringing a challenge based on the one-year statute of limitations for section 2254 petitions where the pleadings establish that the petition was not timely filed. In ruling on a motion to dismiss, the court may consider the record of the state habeas proceeding, including affidavits and evidence presented in such proceedings, as well as other matters of public record. See, e.g., Walker, 589 F.3d at 139.

Respondent contends that the petition should be dismissed because the one-year statute of limitations has run. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to the judgment of a state court must file any petition for a writ of habeas corpus within one year. See 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action . . . is removed . . . ;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitation period under section 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 & n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is "pending" from initial filing in the state courts until final disposition in the state courts. See Taylor, 186 F.3d at 561. The period between the time a petitioner's conviction becomes final and the time that a petitioner files a state application for post-conviction relief counts against the one-year period of limitation. See, e.g., Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000) ("The statute was tolled when [petitioner] filed her MAR . . . and remained tolled until the North Carolina Court of Appeals denied her petition for certiorari . . . ."); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court." (emphases removed)); Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998). The statutory period then resumes after the state court of appeals denies a petitioner's certiorari petition. See Hernandez, 225 F.3d at 438–39 (finding that the petitioner's MAR tolled the one-year limitations period exactly one day before it was to expire, but the clock started running again when the state court of appeals denied

4

certiorari, leaving the petitioner one day to file her federal habeas petition).

Subsection (A) of section 2244(d)(1) requires the court to determine when Castro's judgment became final. Because Castro did not seek review in the North Carolina Court of Appeals, his conviction became final no later than September 12, 2007, when the 14-day time period to serve notice of appeal expired. See N.C. R. App. P. 4(a)(2) (notice of appeal may be filed within 14 days of judgment); cf. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (where section 2255 petitioner pleaded guilty and did not appeal, his judgment of conviction became final for purposes of the AEDPA one-year limitations period on the date he declined to pursue direct appellate review). Thus, Castro's one-year period of limitations began to run on September 13, 2007, and ran for 181 days until Castro filed his MAR on March 12, 2008. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

After Castro filed his MAR, the statutory period was tolled until the North Carolina Court of Appeals denied his certiorari petition on July 8, 2008. See Hernandez, 225 F.3d at 438–39; Taylor, 186 F.3d at 561. At that point, the statutory period began to run again, and ran for 184 days until it expired on Wednesday, January 8, 2009. Castro did not sign his habeas petition until March 18, 2009. Therefore, absent further tolling, Castro's petition is untimely.

Castro contends that the notice of appeal he filed in the North Carolina Supreme Court should toll the statute of limitations because he relied upon a "confusing, contradictory, [and] misleading" legal manual for prisoners from North Carolina Prisoner Legal Services ("PLS"). According to Castro, the PLS manual "actively misled . . . [him] in the filing procedures." Pet.'s Mem. 8–20. Respondent disagrees and argues that the notice of appeal filed in the North Carolina Supreme Court on July 22, 2008, and denied on February 5, 2009, is not a "properly filed" post-

5

conviction filing and does not toll the statute of limitations under section 2244(d)(2). Resp.'s Mem. 5; see N.C. Gen. Stat. § 7A-28(a) ("Decisions of the [North Carolina] Court of Appeals upon review of motions for appropriate relief . . . are final and not subject to further review in the [North Carolina] Supreme Court by appeal, motion, certification, writ, or otherwise.").

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560–62 (2010). Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Unfamiliarity with the legal process, lack of representation, or even illiteracy do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam). Likewise, a mistake of counsel does not serve as a ground for equitable tolling. See, e.g., Harris, 209 F.3d at 330–31 (refusing to apply equitable tolling where "the missed deadline was the result of an innocent misreading of the statutory provision by . . . counsel"); Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. Aug. 1, 2002) (unpublished) (refusing to apply equitable tolling where petitioner asserted that his delay in filing petition was

because he was "waiting to hear from an attorney"). As for Castro's contention that the PLS manual is a "state created impediment" which prevented him from timely filing his petition, the premise is incorrect. The state did not create the PLS manual. See, e.g., Bryant v. N.C. Prisoner Legal Servs., Inc., Nos. 92-6339, 92-6340, 93-6563, 1993 WL 291448, at *1 (4th Cir. Aug. 2, 1993) (per curiam) (unpublished) (recognizing "NCPLS and its attorneys are not state actors"); Smith v. Bounds, 657 F. Supp. 1327, 1331–32 (E.D.N.C. 1986); see also Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that a state-paid public defender did not act under color of state law when representing a criminal defendant). Accordingly, Castro has failed to satisfy the "extraordinary circumstances" necessary for equitable tolling. Therefore, Castro's petition is time-barred.

III.

As explained above, respondent's motion to dismiss [D.E. 10] is GRANTED. Petitioner's application for habeas-corpus relief is DISMISSED as time-barred. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This 26 day of August 2010.

JAMES C. DEVER III
United States District Judge