IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2041-D

| | | |
|---|---|---|
| EMMANUEL CASTRO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES D. CAVANAUGH, Admin., | ) | |
| Duplin Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

On March 23, 2009, Emmanuel Castro ("petitioner" or "Castro"), a former state inmate,[1] petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 26, 2010, the court dismissed the petition as time-barred [D.E. 15]. On September 1, 2010, Castro filed "objections to the recommendation of the U.S. Magistrate Judge," which the court construes as a motion for reconsideration [D.E. 17]. Castro seeks reconsideration of the court's finding that his reliance on the legal manual for prisoners from North Carolina Prisoner Legal Services does not serve as a state-created impediment to timely filing his habeas petition warranting equitable tolling. Mem. Supp. Mot. Reconsideration 1.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290

---

[1] Castro was released from imprisonment on September 14, 2010. See Dep't of Corr., Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1035533 (last visited May 6, 2011). Castro has failed to notify the court of his change of address, as required by Local Civil Rule 83.3, EDNC. The court cautions Castro to comply with the local rules of this court.

F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Castro has not presented any argument warranting reconsideration, and has cited no recent change in the controlling law, newly discovered evidence, or a clear error that merits an alteration or amendment to the judgment.

Alternatively, to the extent Castro seeks relief under Rule 60(b)(1) and (3) of the Federal Rules of Civil Procedure, his motion also fails. Rule 60(b) authorizes the court to "relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect ... [or] fraud, ... misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that the motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice by having the judgment set aside. See Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

Castro has failed to establish a meritorious claim or defense. Accordingly, Castro fails to meet Rule 60(b)'s threshold requirements.

2

In sum, the court DENIES Castro's motion for reconsideration [D.E. 17].

SO ORDERED. This 6 day of May 2011.

JAMES C. DEVER III
United States District Judge